PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2001 Dodge Neon struck a hole while she was traveling on County Route 73 near Charleston, Kanawha County. County Route 73 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around 3:00 p.m. on May 9, 2003, a clear and dry day. County Route 73 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that she was driving on County Route 73 when she saw the hole. She stated that she had not seen the hole previously as someone had been working on the road during the previous days. Ms. McGrew testified that she had seen vehicles in front of her driving around the hole, but she was unable to avoid it due to oncoming traffic in the other lane. Claimant’s vehicle shriek the hole sustaining damage to the passenger side rims and tires. Ms. McGrew stated that the hole was between four and six inches deep, four feet long and four feet wide. *4 Claimant’s vehicle sustained damage totaling $ 127.18. Claimant submitted additional bills that the Court determined to be too remote in time to definitively relate them to the incident in question.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 73 at the site of the claimant’s accident for the date in question.
Frank McGuire, foreman for the respondent in Kanawha County, testified that he had no knowledge of any holes on County Route 73 near Charleston for the date in question or the days immediately prior. Mr. McGuire stated that there had been a crew patching holes along this stretch of road of May 1, 2003. He further testified that he had no knowledge of anyone working on the road in the days prior to the date of claimant’s incident. Respondent maintains that it had no actual or constructive notice of any holes on County Route 73.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. Photographs in evidence depict the hole and provide the Court an accurate portrayal of the size and location of the hole on County Route 73. The size of the hole and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle. However, the Court also finds that claimant was partially negligent in that she had known about the work that had been going on in the area prior to the date of her incident and she also saw other vehicles avoiding the hole before her vehicle struck it. The Court finds that claimant was twenty percent negligent in this instance.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to tire claimant in this claim in the amount of $ 101.74.
Award of $101.74.